# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1228V

| | |
|---|---|
| DONNA VERDISCO, | Chief Special Master Corcoran |
| Petitioner, | Filed: October 27, 2025 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Theodore Heiser, Suisman Shapiro, New London, CT,* for Petitioner.

*Camille Jordan Webster, U.S. Department of Justice, Washington, DC,* for Respondent.

**RULING ON ENTITLEMENT**[1]

On September 18, 2020, Donna Verdisco filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), which she amended on August 1, 2025. Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza ("flu") vaccine administered on September 20, 2017. Amended Petition (Aug. 1, 2025) at 1-8. Petitioner further alleges that the vaccine was administered in the United States, she suffered residual effects of her injury for more than six months, and she has not previously collected an award or settlement of a civil action for damages for her vaccine-related condition. Amended Petition at ¶ 2, 7-8; Declaration, filed Oct. 27, 2025,

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

at ¶ 33 (ECF No. 77). The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 10, 2025, I issued findings of fact that the flu vaccine was likely administered in Petitioner's left shoulder and the onset of her shoulder pain likely occurred within 48 hours of vaccination (ECF No. 59).

On October 9, 2025, Respondent filed an amended Rule 4(c) report in which, while reserving the right to appeal my July 10th fact ruling, he stated that he will not defend the case on other grounds during further proceedings in the Office of Special Masters. Amended Rule 4(c) Report at 1-2. Specifically, Respondent agrees that, in light of my fact ruling and the evidence submitted, Petitioner has met the criteria for SIRVA as defined by the Vaccine Injury Table in that "petitioner had no recent history of pain, inflammation, or dysfunction of her left shoulder; the onset of pain occurred within 48 hours after receipt of an intramuscular vaccination; the pain was limited to the shoulder in which the vaccine was administered; and no other condition or abnormality, such as brachial neuritis, has been identified to explain petitioner's left shoulder pain." *Id.* at 8. Respondent further agrees that the records demonstrate that Petitioner suffered the residual effects of her condition for more than six months and, subject to his right to appeal the fact ruling, Respondent does not dispute that Petitioner has satisfied all legal prerequisites for compensation under the Vaccine Act. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master